FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y
★ APR 0 4 2011 ★
LONG ISLAND OFFICE

**UNITES STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
_____ X

**COURTNEY FORBES**
individually and on behalf of all
others similarly situated                          **Plaintiffs**

-against-

Viking Collection Service, Inc.                    **Defendants**

_____

Docket No.: CV 11 1631

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Unlawful Debt Collection Practices

**TRIAL BY JURY DEMANDED**

WEXLER, J.
TOMLINSON, M

## I. CLASS ACTION COMPLAINT

Plaintiff, COURTNEY FORBES, individually and on behalf of all others similarly situated, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. Section 1692, et seq. ("FDCPA"), for a declaration that telephone messages that the Defendant uses to collect consumer debts violates the FDCPA, and to recover damages by reason of Defendant's violations of the Fair Debt Collections Practices Act, (15 USC 1692 et seq). (hereinafter FDCPA), and alleges:

### II. JURISDICTION AND VENUE

1. Jurisdiction of this Court arises under 15 U.S.C Section 1692k (d), 28 U.S.C Section 1337. Venue in this District is proper in that the Defendants transact business here and the conduct complained of occurred here.

## III. PARTIES

2. Plaintiff, COURTNEY FORBES, is a citizen of the State of New York, residing in the Eastern District of New York, from whom Defendant attempted to collect a consumer debt allegedly owed to        .

3. Defendant Viking Collection Service, Inc. is a foreign corporation doing business in this state. The principal purpose of Defendant is the collection of debts using the mails and telephone, and Defendant regularly attempts to collect debts alleged to be due another.

4. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. Section 1692a(6).

5. The alleged debt Defendant sought to collect from Plaintiff is a consumer debt, as defined by §1692a(5) of the FDCPA, in that it was originally incurred for personal, family or household purposes, and no part of the alleged debt was incurred for business purposes.

## IV. FACTUAL ALLEGATIONS

6. At all times herein relevant, Plaintiff was and is a "consumer" as defined by 15 USC 1692a(3).

7. At all times herein relevant, Defendant was and is a "debt collector" as that term is defined by 15 USC 1692a(6).

8. Within one year preceding the date of the filing of the complaint in this action, Defendant placed telephone calls to the Plaintiff and left messages on the telephone voice mail of the Plaintiff's.

9. Defendant violated 15 USC 1692e(11) by not identifying themselves as a debt collector in every communication with the Plaintiff.

10. Defendant violated 15 USC 1692d(6) by not meaningfully identifying themselves in every communication with the plaintiff.

11. Within one year immediately preceding the filing of this complaint, the Defendant left the following message on the Plaintiff's answering machine:

*This message is for Courtney Forbes. Courtney this is Karen Archer, at Viking Services. It is really important that you return my call. My direct phone number here is 1-800-795-6169.*

12. The message left by the Defendant on Plaintiff's voice mail did not give the notice required by 15 USC 1692e(11).

13. The message left by the Defendant on Plaintiff's voice mail was deceptive in that the messages attempted to deceptively induce the Plaintiff into returning the call.

14. The message left by the Defendant on the Plaintiff's voice mail did not identify the Defendant as a debt collector.

15. The message left by the Defendant on the Plaintiff's voice mail was per se harassing in that it did it did not meaningfully identify the Defendant as required by 15 USC 1692d(6).

16. The Plaintiff listened to the message left by the Defendant.

17. The Defendant and/or its agents placed telephone phone calls and left messages on the voice mail of other New York consumers within one year preceding the filing of this complaint, said messages being materially identical to messages left for the Plaintiff in that they failed to give the notice required by 15 USC 1692e(11) and/or they failed to meaningfully identify the defendant.

## V. VIOLATIONS OF THE FDCPA

18. The actions of the Defendant as described above violate 15 USC 1692 e; 15 USC 1692 e(10); 15 USC 1692 e(11); 15 USC 1692 d; and 15 USC 1692 d(6).

## VI. CLASS ALLEGATIONS

19. Plaintiff brings the following class pursuant to Federal Rules of Civil Procedure 23(a) and 23(b)(3) individually and on behalf of all persons in the State of New York to whom defendant placed a telephone call within the one year period immediately preceding the filing of this action in which defendant failed to give the notice required by 15 USC 1692e(11) and/or defendant failed to meaningfully identify themselves.

20. The claims asserted in this case satisfy the requirements of Rule 23(a) because:

    (A)    The members of the class are so numerous that joinder of all members is impractical.

    (B)    There are questions of law and fact common to the Class and these questions predominate over any questions affecting only individual Class members.

    (C)    The only individual issue is the identification of the consumers who

received the calls (*i.e.*, the Class members), a matter capable of ministerial determination from the Defendant's records.

(D) The Plaintiff's claims are typical of those of the Class members. All are based on the same facts and legal theories.

(E) Plaintiff will fairly and adequately represent the Class members' interests. Plaintiff has retained counsel experienced in bringing class actions and collection-abuse claims. Plaintiffs' interests are consistent with those of the Class members.

21. Class action treatment is appropriate under Rule 23(b)(3) because questions of fact or law common to the members of the Class predominate over any questions affecting only individual members and a class action is superior to other available methods for the fair and efficient adjudication of the Class members' claims.

22. Congress specifically envisions class actions as a principal means of enforcing the FDCPA. *See* 15 U.S.C. §1692k.

23. The members of the Class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action.

24. Prosecution of separate actions by individual Class members would create the risk of inconsistent or varying adjudications, resulting in the establishment of inconsistent or varying standards for the parties, and would not be in the interest of judicial economy.

25. If the facts are discovered to be appropriate, Plaintiffs will seek to certify the Class under Rule 23(b)(3) of the Federal Rules of Civil Procedure.

**WHEREFORE,** Plaintiffs asks that this Court enter judgment in his favor and on behalf of the Class, against Defendant as follows:

(A) Certify the proposed the Class under Rule 23 of the Federal Rules of Civil Procedure and appoint Plaintiff and her counsel to represent the Class;

(B)  Statutory damages as provided by §1692k of the FDCPA;

(C)  Attorney's fees, litigation expenses and costs incurred in bringing this action;

(D)  Any other relief this Court deems appropriate and just under the circumstances.

## DEMAND FOR JURY TRIAL

Please take notice that Plaintiffs demand trial by jury in this action.

**Dated:** **West Islip, NY**
**April 4, 2011**

**Respectfully submitted,**

Joseph Mauro (JM: 8295)
306 McCall Ave.
West Islip, NY 11795
631-669-0921